IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. <br> **2  09 C V  1 4 1** |
| v. ) ) | |
| POLYCON INDUSTRIES, INC., and ) CROWN PACKAGING INT'L, INC., ) ) | <u>COMPLAINT</u> <br> <u>JURY TRIAL DEMAND</u> |
| Defendants. ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Patricia Arocho and other similarly situated females who have been adversely affected by such practices. As alleged with greater particularity in paragraph seven below, the Commission alleges that Defendants have maintained sex segregated job classifications and failed to promote Patricia Arocho and other similarly situated females to certain jobs because of their sex. The Commission additionally alleges that Defendants have violated the recordkeeping requirements of Title VII.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants Polycon Industries, Inc., an Illinois corporation, and Crown Packaging International, Inc., a Delaware corporation, have continuously been doing business in the State of Indiana and the City of Merrillville, and have continuously had at least 15 employees.

5. At all relevant times, Defendants Polycon Industries, Inc. and Crown Packaging International, Inc., have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Patricia Arocho filed a charge with the Commission alleging violations of Title VII by Defendant Polycon Industries Inc., a subsidiary of Defendant Crown Packaging International, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 2005, Defendant Employers have engaged in unlawful employment practices at their Merrillville facility, in continuing violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by failing or refusing to promote female employees into jobs classified for "males", which garnered higher rates of pay, because of the workers' sex.

Defendants' above-described actions, in addition to individually violating Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), constitute a pattern or practice of discrimination based on sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

8. The effect of the practices complained of in paragraph seven above has been to deprive Patricia Arocho and a class of similarly situated individuals not promoted due to their sex, of equal employment opportunities, and otherwise adversely affect their status as employees because of their sex.

9. Since at least May 2005, Defendants have failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records, including but not limited to sign-up sheets, applications, interview documents and other promotion documents relevant to the determination of whether unlawful employment practices have been or are being committed.

10. The unlawful employment practices complained of in paragraphs seven above were and are intentional.

11. The unlawful employment practices complained of in paragraphs seven above were and are done with malice and with reckless indifference to the federally protected rights of Patricia Arocho, and a class of similarly situated individuals not promoted to higher paying jobs reserved for males due to their sex.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns and all persons in active concert or participation with it, from engaging in sex discrimination by failing or refusing to promote workers to higher paying jobs because of the workers' sex, from engaging in any other employment practice which discriminates on the basis of

sex, and from discriminating or retaliating against workers or applicants for making complaints opposing sex discrimination.

    B.    Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for workers regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant Employers to make whole Patricia Arocho and a class of similarly situated individuals not promoted due to their sex, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the payment of front pay to Patricia Arocho, and a class of similarly situated individuals not referred for jobs due to their sex, and compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, in amounts to be determined at trial.

    D.    Order Defendant Employers to make and preserve all records in accordance with the provisions of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c) and as required by 29 CFR§ 1602.14.

    E.    Order Defendant Employers to make whole Patricia Arocho and a class of similarly situated individuals not promoted due to their sex, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including emotional pain, suffering, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial.

    F.    Order Defendant Employers to pay Patricia Arocho and a class of similarly situated individuals not promoted due to their sex punitive damages for its malicious and reckless conduct

described in paragraph seven above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*/s/ Laurie A. Young*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*/s/ Michelle Eisele*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*/s/ Robin M. Lybolt*
ROBIN M. LYBOLT
Trial Attorney, #20999-30

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-5049
Fax: (317) 226-5571
robin.lybolt@eeoc.gov

5