# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

EQUAL EMPLOYMENT OPPORTUNITY    )
COMMISSION,    )
    )
        Plaintiff,    )
    )
    vs.    )    Case No.: 2:09-CV-141
    )
POLYCON INDUSTRIES, INC.,    )
    )
        Defendant.

## OPINION AND ORDER

Pursuant to Section 506 of the Consent Decree (DE # 32-1), this Court held a Fairness Hearing regarding the Distribution List (the names of class members the EEOC determined are eligible for relief), on September 27, 2011. Counsel for the EEOC and Polycon attended, as did 16 women: Deborah McKnight, Guy Parks, Irene Quiroz, Diane Mitchell, Veneta Anthony, Guillermina Avalos, Johanna Gomez, Diana Forrester, Irma Ramirez, Estella Carrera, Ileana Pena, Ampara Gomez, Diantha Whetsell, Trecia Green, Yolanda Robinson, and Bridgett Jones who objected to the proposed distribution. All of these women, with the exception of Amparo Gomez, also filed written objections with this Court. (*See* DE ##38-49, 51-53.) This Court heard testimony from every woman in attendance, and some presented written evidence as well. The EEOC also put on testimony from its paralegal, Letrice Chandler, who was in charge of contacting the

class members, mailing them the claims, reviewing claim forms, company records, interview notes, and statements made by the employees. In a nutshell, she identified the individuals who fit the parameters of the class eligible for distribution.

After due consideration, which is set forth in detail below, the Court has made the following conclusions. **Guy Parks IS ENTITLED** to a portion of the settlement, and should be included in the Distribution List. **The other women who appeared at the fairness hearing today and those that filed written objections ARE NOT ENTITLED** to a portion of the settlement, and should not be added to the Distribution List. **The EEOC may now move for final approval of the Distribution List (providing the different financial allocations with the inclusion of Guy Parks).**

BACKGROUND

The EEOC brought this action to correct alleged unlawful employment practices on the basis of sex by the Defendant, Polycon. During the summer of 2010, the parties jointly moved for entry of a consent decree, and this Court approved. (DE #32.) For purposes of the consent decree, the class was defined as: "those females who between September 1, 2005 and March 31, 2010: a) were hired and placed in packer positions; and/or b) who expressed an interest in a machine operator position but were denied the opportunity to apply or compete fairly for such a position." (DE #32-1, p. 8.)

The EEOC then sent out a Notice of Proposed Settlement which enclosed a claim form in the fall of 2010.  (EEOC Ex. 2.)  The notice stated as follows:

> You are being notified because you may be eligible to participate in the settlement.  TO PRESERVE YOUR RIGHTS, YOU MUST FILL OUT AND RETURN A TIMELY CLAIM FORM.  In order to participate, you must meet the following requirements:
>
> - You are female.
>
> - You were placed into a packer position and would have been willing to work in a utility position any time between September 1, 2005, and March 31, 2010.
>
> - You sought a promotion to a machine operator position or desired a promotion to a machine operator position any time between September 1, 2005, and March 31, 2010, but did not apply because someone told you that women would not be promoted to this position.
>
> - You fill out and return both pages of the Claim Form enclosed.
>
> - You must keep the EEOC informed of your current address and phone numbers if you move or they change.

(EEOC Ex. 2.)  The Claim Form provided it "must be postmarked by November 26, 2010." *Id.*

Pursuant to Section 504 of the Consent Decree entered in this case, the EEOC filed a list of class members who were eligible for relief under the Decree, itemizing the amount of damages for each individual.  This Court ordered that the list, along with the notice, be served on all class members for whom the EEOC had a current address.  (DE #37.)  The Court also noted that if any individual class member had an objection to the proposed

3

distribution of funds, the class member should send to the Court, within 30 days of the Notice, her objection, specifically explaining the grounds for it. *Id.* The Court cautioned that the only way to preserve a disagreement with the proposed distribution would be to submit a letter to the Court as detailed. *Id.*

The EEOC mailed a Notice of Proposed Distribution and Distribution List on May 19, 2011, and a second Notice of Proposed Distribution and the Distribution List was sent on May 26, 2011 (because the EEOC realized that some class members were missing pages in the correspondence that was sent on May 19, 2011). (EEOC Ex. 5.)

Deborah McKnight, Guy Parks, Irene Quiroz, Diane Mitchell, Veneta Anthony, Guillermina Avalos, Johanna Gomez, Diana Forrester, Irma Ramirez, Estella Carrera, Ileana Pena, Diantha Whetsell, Trecia Green, Yolanda Robinson, Bridgett Jones, Sonja Sotiroska, and Deborah Sams, all filed letters objecting to the proposed distribution. (DE ##38-49, 51-53.) All of these women except Sonja Sotiroska and Deborah Sams attended the fairness hearing. Additionally, Amaparo Gomez attended the hearing even though she did not file a written objection with the Court. After receiving the objection letters, the Court ordered this fairness hearing, and ordered the EEOC to serve the order on every person who filed a letter of objection. (DE #50.) The Court notes that all of the women that attended the fairness hearing were placed under oath and

swore to testify to the truth. The Court did consider the credibility of each witnesses' testimony in reaching the conclusions below. Additionally, the Court considered the credibility of the EEOC and its paralegal, and notes that the EEOC has no motivation to lie in this proceeding.

DISCUSSION

The law in this Circuit is that the Court must consider all objections, but need not state individualized findings with respect to each of them. *Armstrong v. Board of Sch. Dir.*, 616 F.2d 305, 326 (7th Cir. 1980). However, the Court's reasoning must be stated "with particular clarity." *Id.* at 319. With this admonition in mind, the Court will review all objections herein. The Court may approve a fair settlement over objections by some or even many class members, and despite criticism by some named plaintiffs. *See Armstrong v. Board of School Directors*, 471 F.Supp. 800, 804 (E.D. Wis. 1979).

Individuals Whom The EEOC Concedes Should Be Included In The Distribution

   1.  **Guy Parks** - The EEOC concedes that Parks did not receive a claim form because they thought she was male. Indeed, she fits the definition of the class, and should be included in the Distribution List. The EEOC admits as

much, and is willing to recalculate the distribution based upon the inclusion of Parks.

Individuals Who Did Not Send In The Claim Form

1.  **Estella Carrera** - told the Court that the initial claim form was sent to her sister's address (which was the address she had on file with Polycon), and that her sister gave her the claim late. She never completed the claim form, and she never told Polycon or anyone else about her new address. Because Carrera never timely completed the claim form, and did not notify Polycon or anyone else about her new address, the Court affirms the EEOC's determination to exclude Carrera from the Distribution List.

2.  **Amparo Gomez** - told the Court that she did not return the claim form. She received several letters, but she did not send anything back. Her co-workers told her about the consent decree. She did leave messages for attorneys, but no one ever called back. Because she admittedly received, but did not complete the claim form, and did not follow the form's instructions, the Court affirms the EEOC's determination to exclude Gomez from the Distribution List.

3. **Guillermina Avalos** - told the Court she received the claim form, but never sent it back. She did not talk to anyone, or make an objection. She misunderstood the definition of the class. Because she admittedly received, but did not complete the claim form, the Court affirms the EEOC's determination to exclude Avalos from the Distribution List.

4. **Johanna Gomez** - told the Court that she received the claim form and other letters, but never sent anything back. She did not make a claim or an objection. She never spoke with anyone at the EEOC. Because she admittedly received, but did not complete the claim form, the Court affirms the EEOC's determination to exclude Gomez from the Distribution List.

5. **Veneta Anthony** - although she told the Court she responded to every letter she received from the EEOC, it is unclear whether she contends that she received and completed an initial claim form. However, in her written objection, Anthony does allege that she received a claim form and returned it. (DE # 48.) There is evidence that Anthony responded to a second letter from the EEOC and she did send the EEOC and this Court letters objecting to

the fact that she was not on the Distribution List. (Def. Ex. 3; EEOC Ex. 7.) According to the EEOC, her claim letter was returned undeliverable, but with a forwarding address, so they mailed the claim form again to the correct address. The second time, it was not returned either completed or undeliverable. According to the EEOC, it was only after it sent the May 19 and May 26, 2011 notice of distribution letters to the forwarding address, that they received an objection from Anthony. (EEOC Ex. 7.) Anthony claims the Distribution List was also sent to the wrong address and the only reason she received it is because the postman knew her. Anthony did not notify Polycon about her new address. Because the EEOC mailed the claim form to the address on file, and never received a completed claim form, the Court affirms the EEOC's determination to exclude Anthony from the Distribution List.

6.  **Diana Forrester** - received a claim form, but did not return it. She claims she misread the letter, and believed that the class definition was that she must have been hired between 2005-2011. She later filed an objection to the Distribution List. Because she admittedly received, but did not complete the claim form,

the Court affirms the EEOC's determination to exclude Forrester from the Distribution List.

7.  **Diana Whetsell** - she received the claim form, but she threw it away and did not return it. She believed because she was no longer employed by Polycon, she was not an eligible class member. Whetsell did file an objection to the distribution list and called EEOC attorney Mack-Brown in July of 2011. Because she admittedly received, but did not complete the claim form, the Court affirms the EEOC's determination to exclude Whetsell from the Distribution List.

Subsequent to the hearing, a letter was faxed to the Court, signed by Estella Carrera, Guillermina Avalos, Johanna Gomez, and Ileana Pena, contending that they did not fill out the claim form because they speak Spanish, and that the letter should have been written in both English and Spanish. (Def. Ex. 7.) They only learned about the class lawsuit when the second EEOC letter was sent out in May of 2011, and one of their co-workers explained the situation to them. *Id.* While this Court is certainly sympathetic to the fact that English is not everyone's first language, the Court does not believe it is logistically possible or necessary for the EEOC to analyze all class members, determine their potential

languages, and translate documents into potentially multiple languages.

## Individuals Who Submitted A Claim, But Are Not Included In The Distribution List

1.  **Irene Quiroz** - submitted a claim form, but was not on the distribution list. She sent an objection. According to EEOC paralegal Chandler, from her review of Quiroz's claim, company records, and notes from an interview with Quiroz, the EEOC determined that Quiroz was not a packer during the relevant time period, and she did not seek promotion during that time period. Quiroz claims that she was a "packer/printer" during the relevant time period. In other words, she claims that even though she was labeled a "packer/printer," she was really a "packer." She submitted a form to the Court dated March 18, 2011 (Def. Ex. 4), which labeled her as a "PP" or "printer/packer," but this document was not from the relevant time period (September 1, 2005 though March 31, 2010). However, the EEOC submitted a roster dated May 18, 2007, which recorded Quiroz as a printer, and another roster dated May 30, 2005, also listed her as a printer. (EEOC Ex. 1.) After the fairness hearing, some additional information was faxed to the Court. Some of the

information contained Polycon job instruction sheets that described the duties of a packer and described the duties of a printer. None of this information contains a definition of a "printer/packer" and it does not support Quiroz's argument that the packer and printer jobs were interchangeable. (Def. Ex. 6.) The Court finds that it was proper and reasonable for the EEOC to deny Quiroz class status because she does not meet the class criteria.

2. **Diane Mitchell** - completed her claim form, but was not included in the Distribution List. She said she believed the settlement was for all women who worked at Polycon (regardless of position). According to the EEOC, after reviewing records, Mitchell's claim form, and her statements, Mitchell was not a packer, and she did not seek promotion during the relevant time period. The Polycon roster dated May 18, 2007, indicates that Mitchell was a printer. (EEOC Ex. 1.) The Court finds that it was proper and reasonable for the EEOC to deny Mitchell class status because she does not meet the class criteria.

3. **Deborah McKnight** - never received anything in the mail. She never filed a claim form, but she did file an objection. According to the EEOC, McKnight was an Inspector in 2005, and then was in management in 2007, plus there are no records that she ever sought promotion. McKnight claims that she assisted in the packing department. After the hearing, she submitted a document entitled "manning per line" and wrote on in that it is "proof that Q.C. Inspectors Pack. We have to give Breaks & lunches." (Def. Ex. 9.) However, there is nothing about this document on its face that shows inspectors also pack, and McKnight's name does not seem to appear in the document. The Court finds that it was proper and reasonable for the EEOC to deny McKnight class status because she does not meet the class criteria.

## People Who Claim They Never Received The Claim Form

1. **Irma Ramirez** - claims she moved to Charlotte, North Carolina, and she never received a claim form. However, she did receive the EEOC letter dated June 22, 2011, addressed to her North Carolina address, giving her notice of this fairness hearing. (Def. Ex. 2.) Ramirez never told Polycon or anyone else her new address.

According to the EEOC, they mailed her a claim form on September 3, 2010, and it was not returned completed or undeliverable. Additionally, the EEOC had notes from a conversation with Ramirez (through her daughter, who acted as an interpreter), in which she indicated she moved to North Carolina, but her aunt who lives in the house where the claim form had been sent had forwarded the claim form to her. Because Ramirez admits to receiving other communications from the EEOC, the Court finds it suspicious that she did not receive the claim form. The Court affirms the EEOC's determination to exclude Ramirez from the Distribution List.

2. **Ileana Pena** – told the Court she did not get the initial claim form, but did get the later EEOC notice of the fairness hearing (dated May 26, 2011). She claims she requested a promotion, but she cannot remember the name of the supervisor, and has no evidence to support her claim. Because Pena admits to receiving the EEOC fairness hearing notice, the Court finds it suspicious that Pena did not receive the claim form. The Court affirms the EEOC's determination to exclude Pena from the Distribution List.

3.   **Yolanda Robinson** - testified that she received a claim
     form, completed it, and mailed it the same day.  She was
     not on the distribution list, so she filed an objection.
     According to EEOC paralegal Chandler, Robinson's claim
     form was mailed on September 3, 2010, and on September
     24, 2010, was returned as undeliverable.  (EEOC Ex. 2.)
     The EEOC obtained her current address through an Accuron
     search, and mailed the claim form again on October 12,
     2010.   This time, the claim form was not returned
     undeliverable, and it was not received completed.
     Robinson has no evidence that she returned her claim
     form, and she claims the EEOC had an incorrect address.
     Because Robinson has no evidence to support her argument
     that she filed a claim form, the Court, while
     sympathetic, affirms the EEOC's determination to exclude
     Robinson from the distribution.

4.   **Trecia Green** - testified that she never received a claim
     form from the EEOC.  She e-mailed EEOC attorney Brown,
     and told her she never got a claim form.  (EEOC Ex. 3.)
     The EEOC put on testimony that it mailed Green a claim
     form on September 3, 2010, and it was not returned
     completed or undeliverable.   The EEOC sent the
     Distribution List to her same address, and Green did file

an objection to the list. Because Green admits to receiving other communications from the EEOC, and indeed filed an objection to the distribution list, the Court finds it suspicious that Green did not receive the claim form. The Court affirms the EEOC's determination to exclude Green from the Distribution List.

5. **Bridgett Jones** - claims she never got a claim form, but did get the Distribution List (which was mailed to the same address, *see* EEOC Ex. 5), and she filed an objection to the list. According to the EEOC, they mailed her a claim form on September 3, 2010, to her address on Louisiana Place, but it was not returned completed or undeliverable. The Distribution List was also sent to Louisiana Place. (EEOC Ex. 5.) Jones sent two letters to the EEOC, but neither letter says that she did not receive a claim form. Jones claims her address was on Massachusetts Street, not Louisiana Place. After the hearing, Jones submitted to the Court a change of address notice (reflecting the new address on Massachusetts St.), but that change of address notice was dated April 13, 2011. (Def. Ex. 8.) The claim form was mailed back in September 3, 2010, to her previous address (on Louisiana Place), and because she had not yet filed a change of

address form, it is understandable why the EEOC believed this was her valid address.  The Court finds that it was proper and reasonable for the EEOC to exclude Jones from the distribution.

## Individuals Who Filed Written Objections, But Did Not Appear At The Fairness Hearing

Additionally, Sonja Sotiroska filed two written objections (DE ##38, 49), but did not attend the fairness hearing.  According to one of her coworkers, she was absent because of a medical problem. Sotiroska's written objection states that she did not receive the claim form in this case.  She worked for Polycon since 2000 and applied numerous times for machine operator and maintenance positions.  She feels she was overlooked because she was a woman. The Court notes that Sotiroska does not allege that she was a packer during the relevant time frame.  Moreover, the Court notes that the Polycon Roster dated May 18, 2007, lists Sotiroska as an inspector.  (EEOC Ex. 1.)  Therefore, the Court approves the EEOC's determination to exclude Sotiroska from the distribution list.

Deborah Sams sent a written objection to the Court claiming she was a packer and should share in the distribution.  (DE #52.) The Court notes that her name is on the list of class members (DE #31), thus the EEOC sent her a claim form.  There is no detail in her objection establishing when Sams was a packer, and if she ever wanted a promotion.  Moreover, because she failed to attend the

fairness hearing (and thus never testified under oath), the only information the Court has is her written objection, which in itself, is insufficient to establish that she: (1) completed a claim form; and (2) qualifies to share in the distribution. Consequently, the Court approves the EEOC's determination to exclude Sams from the distribution.


CONCLUSION

Given the relatively small number of individuals who objected to the Decree and the nature of the objections (which largely relate to allegedly not receiving the claim form), the Court stands by its previous decision approving the consent decree. It appears to be thoughtful, fair, and a reasonable resolution of a detailed lawsuit. **The EEOC may now move for final approval of the Distribution List (providing the different financial allocations with the inclusion of Guy Parks).**


DATED: October 11, 2011                    /s/ RUDY LOZANO, Judge
                                           United States District Court